FILED
2010 Sep-09  AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MANDI GREEN, on behalf of HERSELF and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO.:** |
| **v.** | ) ) | _____ |
| **BISSELL HOMECARE, INC.; and WAL-MART STORES, INC.** | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants** | | |

## CLASS ACTION COMPLAINT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff Mandi Green brings this nationwide class action, on behalf of herself and all others similarly situated, against defendants Bissell Homecare, Inc. (hereinafter "Bissell") and Wal-Mart Stores, Inc. (hereinafter "Wal-Mart").  Plaintiffs seek redress for breach of the express warranty that "PowerSteamer" carpet cleaners produce steam, when in fact they do not produce and are incapable of producing steam and for the defendants' conduct in violation of 18 U.S.C. § 1961 *et seq*.

## JURISDICTION AND VENUE

1.      Plaintiff Mandi Green is an adult resident citizen of Jefferson County, Alabama.

2.     Defendant Bissell is a corporation with its principal place of business and headquarters located in Grand Rapids, Michigan and is a foreign corporation doing business in the state of Alabama and does business in this district and division.

3.     Defendant Wal-Mart is a corporation organized under and existing pursuant to the laws of the state of Delaware, with its principal place of business and headquarters located in Bentonville, Arkansas and is a registered foreign corporation doing business in the state of Alabama with its registered agent being, CT Corporation System located in Montgomery, AL.  Defendant Wal-Mart does business in this district and division.

4.     This is a class action based on Federal Law under the Racketeer Influenced and Corruption Organizations Act, 18 U.S.C. § 1961 *et seq.* (hereinafter "RICO").  Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.   Supplemental jurisdiction of non-federal question claims also exists under 28 U.S.C. § 1367.

5.     Venue is proper under 28 U.S.C. §1391, since the events giving rise to the named plaintiff's claims occurred within this judicial district and division and since defendants are subject to the personal jurisdiction of this Court.

## NATURE OF THE CASE

6.      This is a putative class action on behalf of Mandi Green and a class of all others similarly situated against Bissell and Wal-Mart ("Defendants").

7.      Bissell manufactures and sells, among other things, vacuum cleaners and carpet cleaners under the brand name Bissell.  Bissell is one of the largest floor care company in North America.

8.      Wal-Mart is the largest retailer in the United States. Wal-Mart markets and sells Bissell products to consumers throughout the United States.

9.      Defendant Bissell, with Wal-Mart's full knowledge and consent, names its products "power steamers", "steam vacs" and "steam cleaners"  despite the fact that the devices will never produce even a puff of steam.  Defendants expressly warrant that these devices are "steam cleaners" even though they are not.

## FACTUAL ALLEGATIONS

10.      Upon information and belief, Defendant Bissell, and at all times relevant hereto was engaged in the business of designing, developing, manufacturing, distributing, marketing and selling a variety of vacuums and carpet cleaners, including but not necessarily limited to: Bissell PowerSteamers.

11.      Defendants Bissell and Wal-Mart market these Bissell carpet cleaners as Power Steamers, Steam Vacs and Steam Cleaners.  This could not be further from the truth.  The Steam cleaner that plaintiff and the members of the class

purchased are totally incapable of producing any steam.   Instead, these products use ordinary hot tap water that is unheated by the product.

12.     Defendant Wal-Mart, with full and complete knowledge that Bissell "steam" cleaners do not, in fact, produce steam, continues to sell them in their stores and profit from consumers who are purchasing them.

13.     Defendant Wal-Mart continues to advertise and market Bissell steam cleaners through mailings, advertising material and internet throughout the United States.

14.     Plaintiffs Mandi Green purchased the Bissell PowerSteamer at Wal-Mart located in Eastwood, Jefferson County, Alabama.

15.     Plaintiff Mandi Green contacted both Defendants Bissell and Wal-Mart notifying them of their breach of express warranty in accordance with UCC §2-607 and Alabama Code § 7-2-607.

16.     Plaintiff and members of the Class have suffered damages as a result of Defendants' breach of express warranty.

<u>**CLASS ACTION ALLEGATIONS**</u>

17.     Plaintiffs bring this action on their own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class which plaintiffs seek to represent is composed of and defined as: All persons who, in the last six years, have purchased a Bissell

Steam Cleaner or PowerSteamer from Wal-Mart in any of the 50 states of the United States.

18.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(l)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

a.     The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(l).

b.     Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(a)(2). These common questions of law and fact include, without limitation:

i.     Whether defendants has engaged in a violation of law as alleged herein;

ii.     Whether defendants by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

iii.     Whether the defendants had a policy and uniform practice with respect to selling falsely advertised steam cleaners.

c.      Plaintiffs' claims are typical of the claims of the members of

the class under Fed. R. Civ. P. 23(a)(3). The plaintiffs and all members of

the class sustained damages arising out of defendants' common course of

conduct in violation of law as complained herein. The losses of each

member of the class were caused directly by defendants' wrongful conduct

in violation of law as alleged herein.

d.      The individual and representative plaintiffs will fairly and

adequately protect the interests of the class as required by Fed. R. Civ. P.

23(a)(4).  Plaintiffs have no interests which are adverse to the interests of the

class members. Plaintiffs purchased, like the other class members, a Bissell

steam cleaner from Wal-Mart. Plaintiff has retained counsel who have

substantial experience and success in the prosecution of class action and

consumer litigation.

e.      The scheme affected all class members similarly. Plaintiffs and

all members of the class were treated the same.  As a result, the issues which

affect the plaintiffs and the class members in common predominate over

those which affect only the interest of any particular class member. Thus,

common questions of law and fact greatly predominate over questions of law

or fact affecting only individual members of the class.

f.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member. above.

## <u>FIRST CLAIM FOR RELIEF</u>

## <u>BREACH OF EXPRESS WARRANTY</u>

19.     Wal-Mart and Bissell have expressly and unambiguously warranted that the product they are marketing and selling is a "steam" cleaner.  This

constitutes an express warranty under § 2-313 of the Uniform Commercial Code and other state laws.

20.     By delivering a product that is not, in fact, a "steam" cleaner, which by definition would produce and use steam in the cleaning process, the defendants have breached their express warranty made directly to plaintiff and the plaintiff class members.

21.     Plaintiff and each member of the plaintiff class have suffered damages in the form of being delivered a product worth substantially less than the product as warranted would have been worth.

Wherefore, premises considered, plaintiffs and the class demand judgment against the defendants for compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiff and the class may be entitled.

## SECOND CLAIM FOR RELIEF

## (RICO)

66.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

67.     At all times material hereto, Bissell and Wal-Mart were "persons" within the meaning of 18 U.S.C. § 1961(3).

68.    At all times material hereto, Bissell and Wal-Mart, and/or other persons or entities presently unknown, comprised an "association in fact" enterprise within the meaning of 18 U.S.C. § 1961(4).  This enterprise was engaged in or carried out activities in or affecting interstate and foreign commerce.

69.    The employees, officers and/or agents of this enterprise knowingly and willfully conducted or participated directly and/or indirectly in the conduct of the affairs of this association in fact enterprise through a pattern of racketeering activity.  Specifically, the individuals in these companies and the defendant companies engaged in a pattern of racketeering activity as defined under 18 U.S.C. § 1961(a) by engaging in a scheme to defraud consumers in violation of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), and participated in this enterprise through a pattern of "racketeering activity," which was related to the activities of this enterprise.

70.    For the purpose of executing and/or attempting to execute this scheme or plan to defraud, the persons described herein and the enterprise conducted or participated, directly or indirectly, in this enterprise's affairs, in the operation and management of this enterprise, by repeatedly causing documents, things and/or other mailable matter to be delivered to plaintiffs and the class by the United States Postal Service and/or by sending emails and faxes and/or telex, modem and internet transmissions and by making interstate and foreign telephone calls and

other uses of interstate and foreign wire facilities to and from this District and elsewhere.

71.  This scheme or artifice to defraud was willfully and knowingly devised by all of the above.  The instances of racketeering activity with the same or similar intents, results, accomplices and methods include the misrepresentations, frauds, suppressions, and nondisclosures alleged in this Complaint by the plaintiff.

72.  Each of the aforesaid violations by defendants of mail fraud and wire fraud statutes constitutes instances of "racketeering activity" as defined in 18 U.S.C. § 1961(1).  A number of these instances are described herein and the dates of these acts will be supplemented at or before the close of discovery in this case.

73.  The multiple acts of racketeering activity of defendants were interrelated, extended over a substantial period of time, constituted multiple predicate acts, and part of a common and continuous pattern of fraudulent schemes, perpetrated for the same or similar purposes, had the same or similar results, participants, victims and general methods of commission, thus constituting a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5).

74.  All of the predicate acts of racketeering activity were part of the nexus of the affairs and functions of the racketeering enterprise.  The defendants were enabled to commit the predicate offenses by virtue of their position in the enterprise, or involvement in or control over the affairs of the enterprise.  All of the

predicate acts of racketeering occurred after the effective date of 18 U.S.C. § 1961 *et seq.*  The predicate acts have the same or similar purposes, results, participants, victims and methods of commission.

75.     The defendants conspired and agreed to engage in the enterprise through a pattern of predicate acts.  All of these acts were violations as defined by statute.

76.     All of the above unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct and affairs of defendants and others through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

77.     As a direct and proximate result of the aforementioned violations, and by reason thereof, plaintiffs and the class have suffered damage to their property as set forth in the complaint.

Wherefore, premises considered, plaintiffs and the class demand judgment against the defendants for compensatory and treble damages, plus interest, attorney's fees, costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF

## (RICO ASSOCIATION-IN-FACT ENTERPRISE)

78.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

79.     At all times material hereto, the entities known as BISSELL, Wal-Mart, their officers, their employees, and/or other persons or entities presently unknown, or a combination of some or all of these, constituted an association-in-fact enterprise as recognized under 18 U.S.C. § 1961(4).  This enterprise engaged in interstate or foreign commerce or their activities affected such commerce.  These persons did business with the association in fact enterprise at all times pertinent hereto.

80.     Said association in fact enterprise was an ongoing organization, formal or informal, separate and apart from the pattern of racketeering herein alleged.

81.     The members of said association in fact enterprise functioned as a continuing unit over time for a common purpose through a hierarchical or consensual decision making structure.

82.     At all times material hereto, all of the above were "persons" within the meaning of 18 U.S.C. § 1961(3), separate and distinct from said association-in-fact enterprise.  Defendants committed certain acts outside the usual course of business or scope of employment in furtherance of the association in fact enterprise.

83.    Upon information and belief, all of the above have engaged in a pattern of racketeering activity under 18 U.S.C. § 1961(a) by engaging in a scheme to defraud in violation of 18 U.S.C. §§ 1341 and 1343, as described above.  The instances of racketeering activity with the same or similar incidents, results, accomplices and methods include the fraud and non-disclosure heretofore alleged in this Complaint.

84.    The individuals described above have participated in the conduct of the association in fact enterprise through the above-described pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), and have conspired to violate 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d).

85.    As a direct and proximate consequence of the above mentioned violations, and by reasons thereof, plaintiffs and members of the class have suffered damages to their property.

Wherefore, premises considered, plaintiff and the class demand judgment against the defendants for compensatory and treble damages, plus interest, attorney's fees, costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## FOURTH CLAIM FOR RELIEF

## (RICO CONSPIRACY)

86.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

87.     By reason of the aforesaid circumstances and events, and upon information and belief the defendants described above and/or other persons or entities presently unknown, acting within the scope of their employment or relationship have unlawfully, willfully, and knowingly conspired and continue to conspire to violate the provisions of 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d).  This conspiracy was formed and undertaken to establish or participate in the enterprise described in this Complaint and to accomplish that participation by means of racketeering activity.  The above knowingly participated in the affairs of this enterprise by committing or aiding and abetting the commission of two or more predicate offenses of mail or wire fraud as alleged herein, or by facilitating the commission of at least two predicate acts of mail or wire fraud by the conspiracy.  The information and evidence relating to this conspiracy is within the knowledge and possession of the above, and plaintiffs may supplement and amend these allegations upon the completion of all discovery in this case.

88.     As a direct and proximate result of the aforesaid violations and by reason thereof, plaintiff and the class have suffered damage to their property as set forth above.

Wherefore, premises considered, plaintiff and the class demand judgment against the defendants for compensatory and treble damages, plus interest, attorney's fees, costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the premises considered, plaintiff seeks the following relief:

(a)     Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Fed. R. Civ. P. 23, with appropriate subclasses as the Court deems appropriate, and notice as applicable to the absent class members, and appointing D. Frank Davis and John E. Norris as class counsel;

(b)     A declaration that Bissell and Wal-Mart's nationwide pattern and practice of conduct as alleged herein constitutes a breach of express warranty with respect to the plaintiffs and the class as a whole; and that such conduct as described herein constitutes a violation of RICO as described herein;

(c)     Appropriate injunctive relief requiring the defendants to stop breaching their express warranties, and to refrain from engaging in conduct in violation of RICO;

(d)     An award of compensatory damages to compensate plaintiffs and the class members;

(e)     An award of treble damages;

(f)     Disgorgement of defendant's unjust enrichment;

(g)     Restitution;;

(h)     Interest;

(i)     Attorneys' fees and costs; and Such further and different relief as the

Court may deem appropriate.



_____
John E. Norris
One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Tyler C. Vail (VAI002)
Wesley W. Barnett (BAR141)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
tvail@davisnorris.com
wbarnett@davisnorris.com



**NOTICE TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Wal-Mart Stores, Inc.
c/o Registered Agent
C T Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104


Bissell Homecare, Inc.
c/o Registered Agent
William J. Brennan
2345 Walker Ave. NW
Grand Rapids, MI 49501